## No. 11,219.

### SUNSET OIL CO. *v.* WHISTLEMAN, ET AL.

Decided June 22, 1925.

Action to restrain delivery of papers in escrow. Judgment for defendants.

### *Affirmed.*

### *On Application for Supersedeas.*

1. OIL AND GAS—*Leases—Drilling Contract.* Where assignments of oil and gas leases were placed in escrow under agreement for delivery to assignee if it commenced drilling operations within a designated time, agreement held not breached by assignor's refusal to extend the time for drilling, although his title being questioned, drillers refused to proceed with the work, there being no covenants warranting title.

2. CONTRACTS—*Power of Courts.* Courts are without power to make a new contract between the parties.

*Error to the District Court of Larimer County, Hon. Francis E. Bouck, Judge.*

Messrs. STOW & STOVER, Mr. W. K. LILLEY, for plaintiff in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendants in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

PLAINTIFF in error was plaintiff below; defendants in error were defendants there. We so refer to them here unless otherwise designated as the Oil Company, Whistleman, or the Bank.

Whistleman had oil and gas leases on five separate tracts of land. He assigned them to the Oil Company, reserving certain royalties and rentals, placing the assignment in escrow in the defendant bank. The assignment was in the nature of a quitclaim, without covenants of warranty.

The conditions of the escrow agreement, in so far as they are necessary to an understanding of the matters in issue, were that the Oil Company should commence the boring of a well within six months, with a sufficient rig and equipment to drill to a depth of 5,000 feet, and to carry on the work with diligence until oil and gas should be found in commercial quantities, or until that depth was reached. On compliance, the bank was directed to deliver the leases and assignment to the Oil Company; on failure to comply, to return them to Whistleman.

One of the tracts of land, which for convenient designation only, we shall call tract one, was believed to be on the oil structure, with greater oil and gas possibilities than the others, and was so reported by responsible geologists. By reason of tract one being regarded with greater favor for exploration purposes than the other tracts, the Oil Company desired to drill there first, and the Oil Company alleges that it made a drilling contract with responsible drillers for the prosecution of the work. However, before work was commenced, a suit was instituted by third parties against Whistleman to quiet the title to tract one. Drilling was expensive, and on account of the suit, the drillers refused to proceed and the Oil Company alleged that no one would be justified in expending the large sums required until the determination of the suit to quiet title, and it could make no other drilling contract. The Oil Company requested an extension of the six months clause, which was refused. The work was not commenced within six months.

The plaintiff Oil Company obtained a temporary restraining order and afterwards a temporary injunction against the defendants restraining the return of the papers in escrow in the bank to Whistleman. On final hearing

the injunction was dissolved and a decree entered in favor of defendants. Plaintiff brings error and asks for a supersedeas.

The sole question is, was there a breach of contract on the part of the defendant Whistleman? There was none, there being no covenants of warranty in the assignment between the parties, nor any promise or agreement broken by the defendants, as far as the record discloses, hence no basis for an action. If the parties had so intended, they could have easily inserted some such provision in the contract.

The trial court and this court are both without power to make a new contract between the parties extending the six months period within which to commence drilling.

There being no error, the judgment is affirmed and supersedeas denied.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.